922 F.2d 835
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dennis Ray KIDD, Petitioner-Appellant,
v.
DIRECTOR, VIRGINIA DEPARTMENT OF CORRECTIONS, Respondent-Appellee.
 No. 89-6572.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 31, 1989.
Decided Jan. 2, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-88-69-AM)
 Dennis Ray Kidd, appellant pro se.
 Frank Snead Ferguson, Office of the Attorney General, Richmond, Va., for appellee.
 E.D.Va.
 DISMISSED.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Dennis Ray Kidd, a Virginia prisoner, noted this appeal outside the 30-day period established by Fed.R.App.P. 4(a)(1) and failed to move for an extension of the appeal period within the additional 30-day period provided by Fed.R.App.P. 4(a)(5).* The time periods established by Fed.R.App. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Appellant's failure to note a timely appeal or obtain an extension of the appeal period deprives this court of jurisdiction to consider this case. Washington v. Bumgarner, 882 F.2d 899 (4th Cir.1989). We therefore deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not significantly aid the decisional process.
 
 
 2
 DISMISSED.
 
 
 
 *
 The last day for filing an appeal in this case was March 1. Because nothing in the record suggests that Kidd gave his notice of appeal to prison authorities by that date, we decline to remand for findings concerning whether Kidd's filing was timely under Houston v. Lack, --- U.S. ----, 56 U.S.L.W. 4728 (U.S. June 24, 1988) (No. 87-5428)