Alfred Burdette **MAYFIELD**,
Plaintiff-Appellant,

v.

**UNITED STATES PAROLE COMMISSION and United States Probation Office, Defendants-Appellees.**

No. 80–1723.

United States Court of Appeals,
Tenth Circuit.

Submitted Oct. 1, 1980.

Decided April 30, 1981.

Alfred Burdette Mayfield, pro se.

James P. Buchele, U. S. Atty., and Robert S. Streepy, Asst. U. S. Atty., Topeka, Kan., for defendants-appellees.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

On July 14, 1980, the pro se appellant filed a notice of appeal from a May 12, 1980, order denying him relief under 28 U.S.C. § 2241. The notice was three days late. Fed.R.App.P. 4(a)(1).[1] He has filed no motion to extend time for filing a notice of appeal, and the time for doing so has now expired. Fed.R.App.P. 4(a)(5). The only question before us is whether we can remand for a hearing to determine whether excusable neglect warrants an extension of time to file the notice of appeal.

Prior to the 1979 amendments to the Federal Rules of Appellate Procedure,[2] this circuit and others held that a pro se litigant who filed his notice of appeal late but within the thirty-day grace period should be afforded an opportunity to seek relief by showing excusable neglect for his untimely filing, even though he did not file a motion for extension within that period. *United States v. Lucas*, 597 F.2d 243 (10th Cir. 1979);[3] *Moorer v. Griffin*, 575 F.2d 87 (6th Cir. 1978); *Craig v. Garrison*, 549 F.2d 306 (4th Cir. 1977); *Alley v. Dodge Hotel*, 501 F.2d 880 (D.C.Cir.1974), *cert. denied*, 431 U.S. 958, 97 S.Ct. 2684, 53 L.Ed.2d 277 (1977). *See* 9 Moore's Federal Practice ¶ 204.13[2], at 4–99 to 4–102 (2d ed. 1980). The courts of appeal would either remand to give the appellant an opportunity to show excusable neglect or dismiss without prejudice and allow him to apply to the

---

1. The time limits established by Fed.R.App.P. 4(a)(1) apply in habeas corpus proceedings. *See Browder v. Director, Department of Corrections*, 434 U.S. 257, 269–70 (1978). Fed.R. App.P. 4(a)(1) provides that notice of appeal may be filed within sixty days after entry of the order if the United States or an officer or agency thereof is a party.

2. Prior to the 1979 amendments, Fed.R.App.P. 4(a) provided in relevant part:

   Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.

3. Prior to the 1979 amendments to Fed.R. App.P. 4, the rules regarding motions for extension of time were similar in civil and criminal cases. No attempt was made in *Lucas* to restrict its holding to criminal appeals.

district court for an extension *nunc pro tunc.*

The 1979 amendments significantly altered Fed.R.App.P. 4(a) with respect to motions for extension in civil cases.[4] Rule 4(a)(5) provides:

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal *upon motion filed not later than 30 days after the expiration of the time prescribed* by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be *ex parte* unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

(Emphasis added.)

The amended rule makes clear that in a civil case a request for an extension must be made by motion and that the motion must be filed within thirty days after expiration of the time fixed in Rule 4(a)(1) for filing of the notice of appeal. The new rule thus rejects the cases "that permit a showing of excusable neglect long after the fact when the appellant has neglected to make his Rule 4(a)(5) motion on time." 9 Moore's Federal Practice ¶ 204.13[2], at 4–103 (2d ed. 1980) (footnote omitted). Appellant's failure to make a motion before the end of the thirty-day grace period extinguished his right to appeal beyond revival by either this court or the district court.[5] *See Browder v. Director, Department of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 59 L.Ed.2d 493 (1978) (Fed.R.App.P. 4(a) time limits are "mandatory and jurisdictional").

Appellant urges that we consider the acceptance and filing of the notice of appeal by the district court as tantamount to the granting of the requisite extension. We must decline appellant's invitation. As we stated in *Lucas* :

> We do not concur with the position that the mere acceptance and filing of a notice of appeal by a district court is tantamount to the granting of the requisite extension of time. [Citations.] The rule clearly demands a judicial involvement in the determination that excusable neglect does exist, whereas the acceptance of a notice of appeal for filing is a mere clerical function.

*United States v. Lucas,* 597 F.2d 243, 245 (10th Cir. 1979). This proposition applies with even greater force to the rule as amended.

Appeal dismissed.

---

**4.** *The 1979 amendments did not alter Fed.R. App.P. 4(b), which governs appeals in criminal cases. We express no opinion on the post-1979 validity of Lucas in criminal cases.*

**5.** *We reiterate the suggestion made in Lucas that "it would be most helpful if the district court would advise a would-be appellant, and particularly one who is pro se, that his notice of appeal is untimely, thereby putting him on notice that some immediate action is yet re-*quired to secure appellate jurisdiction." 597 F.2d at 245. We note, however, that the district court has no duty to search the record to ascertain whether the notice is untimely. In any event, the requirements of Fed.R.App.P. 4(a) are jurisdictional even when the district court ignores our suggestion in *Lucas* that it advise pro se litigants of their appeal rights and duties.