UNITED STATES of America, ex rel.,
Richard LEONARD,
Petitioner-Appellant,

v.

Michael O'LEARY, Warden, and Neil
F. Hartigan, Attorney General of
Illinois, Respondents-Appellees.

No. 84–3032.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 7, 1986.*

Decided April 16, 1986.

Richard Leonard, pro se.

Kenneth A. Fedinets, Office of Ill. Atty. Gen., Chicago, Ill., for respondents-appellees.

Before CUMMINGS, Chief Judge, WOOD, and RIPPLE, Circuit Judges.

PER CURIAM.

*Pro se* petitioner, Richard Leonard, appeals from the district court's denial of his application for a writ of habeas corpus, 28 U.S.C. § 2254. We dismiss the appeal for lack of jurisdiction.[1]

Petitioner was convicted of murder and sentenced to a term of imprisonment of thirty to sixty years. After exhausting his state remedies, Leonard petitioned the district court for a writ of habeas corpus,

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). Petitioner has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

1. Pursuant to Circuit Rule 16(e), this opinion was circulated to the active members of the court. No judge favored a rehearing *en banc.*

alleging violations of his fifth, sixth, eighth, and fourteenth amendment rights. The district court granted summary judgment in favor of respondents on October 4, 1984 and entered judgment on October 10, 1984. Although petitioner's notice of appeal was dated October 22, 1984, the notice was not filed with the district court until November 13, 1984. On November 14, 1984, the district court granted petitioner a certificate of probable cause. On December 6, 1984, the district court amended the November 14, 1984 order *nunc pro tunc* to grant petitioner leave to file a late notice of appeal pursuant to Fed.R.App.P. 4(a)(5). The court stated that "[t]he required excusable neglect is evidenced by the apparent delay between the date the *pro se* prisoner sent his notice of appeal and the date of receipt by the court."

■ The timely filing of a notice of appeal is mandatory and jurisdictional. *Browder v. Director, Illinois Dept. of Corrections*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Wort v. Vierling*, 778 F.2d 1233 (7th Cir.1985); *Spika v. Village of Lombard*, 763 F.2d 282 (7th Cir.1985). A notice of appeal in a civil suit is required to be filed within thirty days of the entry of judgment. Fed.R.App.P. 4(a)(1). Thus, petitioner should have filed his notice of appeal no later than November 9, 1984. Under Rule 4(a)(5), "[t]he district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." Fed.R.App.P. 4(a)(5).

The district court apparently construed petitioner's late notice as an implicit request for an extension of time. Petitioner did not file a motion requesting an extension of time in which to file his notice and has never proffered any explanation for his

tardy notice. Prior to the 1979 amendment to Rule 4(a)(5), it was not improper for a district court to construe an untimely notice of appeal as a request for an extension of time if the notice was filed within the thirty-day grace period.[2] *Mayfield v. United States Parole Comm'n*, 647 F.2d 1053, 1054 (10th Cir.1981). Rule 4(a)(5), as amended, however, specifically conditions extension of the time in which a notice must be filed upon the filing of a motion within thirty days after the expiration of the initial thirty-day filing period. The notes of the Advisory Committee on Appellate Rules explain:

> The proposed amendment would make it clear that a motion to extend the time must be filed no later than 30 days after the expiration of the original appeal time, and that if the motion is timely filed the district court may act upon the motion at a later date....
>
> Under the present rule there is a possible implication that prior to the time the initial appeal time has run, the district court may extend the time on the basis of an informal application. *The amendment would require that the application must be made by motion*, though the motion may be made ex parte. After the expiration of the initial time a motion for the extension of the time must be made in compliance with the F.R.C.P. and local rules of the district court. (emphasis added).

Rule 4(a)(5)'s requirement that an extension for filing in civil cases be obtained only by motion is in contrast to, and underscored by, Rule 4(b)'s provision for filing a notice of appeal in criminal cases. Rule 4(b) permits the district court to extend the time for filing "with or without motion and notice" upon a showing of excusable neglect. Fed.R.App.P. 4(b).

**2.** Prior to the 1979 amendments, Fed.R.App.P. 4(a) provided in relevant part:
> Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired, but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.

All other circuit courts which have considered this issue agree that Rule 4(a), as amended in 1979, prohibits consideration of excusable neglect or good cause where an appellant fails to file a timely motion requesting an extension of time. A late notice of appeal which fails to allege excusable neglect or good cause can no longer be construed as a motion for an extension of time. *See Herman v. Guardian Life Ins. Co. of America,* 762 F.2d 288 (3d Cir.1985); *Myers v. Stephenson,* 748 F.2d 202 (4th Cir.1984); *Shah v. Hutto,* 722 F.2d 1167 (4th Cir.1983) (en banc), *cert. denied,* 466 U.S. 975, 104 S.Ct. 2354, 80 L.Ed.2d 827 (1984); *Campbell v. White,* 721 F.2d 644 (8th Cir.1983); *Pryor v. Marshall,* 711 F.2d 63 (6th Cir.1983); *Brooks v. Britton,* 669 F.2d 665 (11th Cir.1982); *Pettibone v. Cupp,* 666 F.2d 333 (9th Cir.1981); *Wyzik v. Employee Benefit Plan of Crane Co.,* 663 F.2d 348 (1st Cir.1981); *Mayfield v. United States Parole Comm'n,* 647 F.2d 1053 (10th Cir.1981); *Sanchez v. Board of Regents of Texas Southern University,* 625 F.2d 521 (5th Cir.1980). *See also* 9 Moore's Federal Practice ¶ 204.13[2] at 4–104 (2d ed. 1985) (result of failure to file timely notice followed by failure to make a timely motion extinguishes the right to appeal beyond revival). Moreover, the fact that petitioner is incarcerated and proceeding *pro se* does not warrant exception to the Rule. *See Myers,* 748 F.2d at 204; *Shah,* 722 F.2d at 1168; *Pryor,* 711 F.2d at 65 n.4; *Mayfield,* 647 F.2d at 1055 n.5. *Cf. United States v. Roberts,* 749 F.2d 404 (7th Cir.1984) (late notice satisfied filing requirement for criminal appeal under narrow circumstances where defendant was diligent and where nature of appeal depended upon answer to letter sent to district court within the ten day time limit), *cert. denied,* — U.S. —, 105 S.Ct. 1770, 84 L.Ed.2d 830 (1985).

Accordingly, we must dismiss petitioner's appeal for lack of jurisdiction. To avoid such a harsh result in the future, the district court should advise a would-be appellant, and particularly one who is *pro se,* that his notice of appeal is untimely and further advise *pro se* litigants of the availability of a motion for an extension of time. *See Campbell,* 721 F.2d at 647; *Pryor,* 711 F.2d at 65 n.5; *Mayfield,* 647 F.2d at 1055 n.5.

DISMISSED.