826 F.2d 1059
 8 Fed.R.Serv.3d 924
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Herbert HARRIS, Plaintiff-Appellant,
v.
CITY OF NORFOLK, VIRGINIA; Norfolk Redevelopment and Housing
Authority; S. Cope, and all other defendants
claiming title to certain lands
allegedly held unlawfully,
Defendants-Appellees.
 No. 87-3503
 United States Court of Appeals, Fourth Circuit.
 Submitted June 29, 1987.
Decided Aug. 12, 1987.
 
 Herbert Harris, appellant pro se.
 Philip R. Trapani, City Attorney; Harold Phillip Juren, Deputy City Attorney; Francis Nelson Crenshaw, Crenshaw, Ware & Johnson, for appellees.
 Before K.K. HALL, JAMES DICKSON PHILLIPS and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Herbert Harris seeks to appeal an order denying his Fed. R. Civ. P. 60(b) motion for reconsideration of a decision granting summary judgment to the defendants in this action. See Harris v. City of Norfolk, C/A No. 81-100-N (E.D. Va. Dec. 1, 1982), aff'd, No. 82-2125 (4th Cir. April 12, 1983), cert. denied, No. 83-682 (U.S. Dec. 5, 1983).
 
 
 2
 The district court concluded that Harris's Rule 60(b) motion failed to present any reason which could justify reconsideration of the final judgment or excuse the lengthy delay in seeking reconsideration. Square Construction Co. v. Washington Metropolitan Area Transit Authority, 657 F.2d 68, 71 (4th Cir. 1981). While we would be inclined to affirm the district court's decision on the ground that Rule 60(b) is simply not a vehicle for relitigation of the merits, United States v. Williams, 674 F.2d 310, 312-13 (4th Cir. 1982), we must first pause to consider our jurisdiction. Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 740 (1976).
 
 
 3
 The district court's denial of Rule 60(b) relief was entered 21 May 1986. Harris mailed his pro se notice of appeal to the district court--albeit to the wrong address--on 18 June 1986, within the 30-day appeal period of Fed. R. App. P. 4(a)(1). By the term Harris's notice of appeal was finally received in the district court on 3 July 1986, the 30-day period had expired.
 
 
 4
 Harris filed a timely Fed. R. App. P. 4(a)(5) motion for an extension of the appeal period on 16 July 1986. The district court denied this motion on the grounds that Harris's 'attempt to appeal the [denial of Rule 60(b) relief] was not timely filed . . . and [is] totally out of order.'
 
 
 5
 An appeal from the denial of a Rule 60(b) motion must be made within 30 days of the entry of the denial. Fed. R. App. P. 4(a)(1). If a party moves to extend the appeal period not later than 30 days after the original 30-day period has expired, the district court may upon a showing of excusable neglect or good cause extend the time for filing a notice of appeal for a period not to exceed 30 days past the expiration of the first 30-day period or ten days from the entry of the order granting the motion, whichever is later. Fed. R. App. P. 4(a)(5). "A bare notice of appeal should not be construed as a motion for extension of time, where no request for additional time is manifest," Myers v. Stephenson, 781 F.2d 1036, 1038 (4th Cir. 1986) (quoting Shah v. Hutto, 722 F.2d 1167, 1168-69 (4th Cir. 1983) (en banc), cert. denied, 466 U.S. 975 (1984)), because Rule 4(a) 'prohibits consideration of excusable neglect or good cause' until an appellant files a timely motion requesting an extension of time. United States ex rel. Leonard v. O'Leary, 788 F.2d 1238, 1240 (7th Cir. 1986).
 
 
 6
 If a Rule 4(a)(5) motion is made, the district court may find excusable neglect when a party receives no notice of an entry of judgment, or when extraordinary and/or unique circumstances occur. See United States v. Virginia, 508 F. Supp. 187, 192 (E.D. Va. 1981). Excusable neglect has been found in cases involving delayed mail deliveries. See United States v. Reyes, 759 F.2d 351 (4th Cir.), cert. denied, ---- U.S. ----, 106 S.Ct. 164 (1985).
 
 
 7
 The district court abused its discretion in failing to consider Harris's Rule 4(a)(5) motion on the motion's own merit. Whether a notice of appeal is timely filed is a question addressed to this Court's appellate jurisdiction, Hogg v. United States, 411 F.2d 578, 580 (6th Cir. 1969), and the apparent untimeliness of a notice of appeal does not, in itself, provide a basis for the district court's refusal to extend the appeal period. It would be beyond cavil to suggest that only a litigant who files a timely notice of appeal would qualify for an extension of the appeal period.
 
 
 8
 This cases proves again the wisdom of requiring a district court to articulate specific findings or reasons to support its conclusion that no showing of excusable neglect had been made. Harris complied with both Fed. R. App. P. 4(a)(5) and Fed. R. Civ. P. 5(e) by filing his 'Motion for Extension of Time' in a timely manner; he is entitled to a decision on this motion on its own merit.
 
 
 9
 We dispense with oral argument because the dispositive issues have recently been decided authoritatively. The district court's order denying Harris's 'Motion for Extension of Time' is vacated, and the cause is remanded for further consideration.
 
 
 10
 VACATED AND REMANDED.