914 F.2d 260
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Winford GILBERT, Plaintiff-Appellant,
Mose Williams and Fred Patterson Appellants,
v.
GENERAL MOTORS CORP., et al., Defendants-Appellees.
 No. 90-2131.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 17, 1990.
Decided Sept. 12, 1990.
 
 Before COFFEY, FLAUM, and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 The judgment in this case became final, and the time to appear began to run, on March 21, 1990, when the district judge denied a timely motion under Fed.R.Civ.P. 59(e). On April 17 we denied a petition for a writ of mandamus, reminding the putative appellants that "their notice of appeal must be filed in the district court on or before April 20, 1990."
 
 
 2
 They did not file a notice by April 20. Instead two of the class members, proceeding pro se, filed a sequential motion to alter or amend the judgment, a step that does not affect the time within which to take an appeal. On May 4, at a hearing to consider this motion, the district court inquired whether these persons had filed a notice of appeal. When they replied that they had not, the district court on its own motion extended the time by 30 days, until May 20, 1990. The only reason stated for this extension is that the class members did not have counsel with whom they were satisfied. On May 21 (a Monday) a notice of appeal was filed by new counsel. The original class representatives, who favor the settlement the appellants are trying to upset, have moved to dismiss this appeal for want of jurisdiction.
 
 
 3
 There are two difficulties with the extension. First, it was issued by the district court without prompting by the parties. We held in United States ex rel. Leonard v. O'Leary, 788 F.2d 1238 (7th Cir.1986), that an amendment to Fed.R.App.P. 4(a) in 1979 deprived district courts of the authority to extend the time on their own motion. Second, Rule 4(a)(5) allows an extension after the original 30 days have expired only in the event of "excusable neglect". Lorenzen v. Employees Retirement Plan, 896 F.2d 228, 231 (7th Cir.1990); Parke-Chapley Construction Co. v. Cherrington, 865 F.2d 907, 909 (7th Cir.1989). Appellants proffered no excuse. The reason given by the district court, that the class members did not have a lawyer with whom they were comfortable, amounts to a holding that effectively-unrepresented parties automatically have 60 days within which to appeal. That is not the law. The 30-day time applies to all parties.
 
 
 4
 Counsel have an obligation to file a notice of appeal if asked. Appellants do not say that their lawyer declined to file a notice of appeal; they do not say that they told him that they wanted to appeal. Excusable neglect has not been established. See Reinsurance Co. of America v. Administratia Asigurarilor de Stat, 808 F.2d 1249, 1251 (7th Cir.1987); Renfield v. Continental Casualty Co., 818 F.2d 596, 602 (7th Cir.1987). So even if there had been a formal motion on May 4, the district court could not properly have extended the time. Appellants' current position that they relied to their detriment on the extension of May 4, and should not be penalized for failure thereafter to make a formal motion, is accordingly unavailing; a motion stating the only ground that has even been given could not properly have been granted. The notice filed on May 21 is untimely, and the appeal is therefore
 
 
 5
 DISMISSED.