982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerry Royal ROBINSON, Plaintiff-Appellant,
v.
Ron CHAMPION, Warden, Defendant-Appellee.
 No. 92-5012.
 United States Court of Appeals, Tenth Circuit.
 Dec. 4, 1992.
 
 Before LOGAN and EBEL, Circuit Judges, and BARRETT, Senior Circuit Judge.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Jerry Royal Robinson appeals from dismissal of his civil rights complaint pursuant to 42 U.S.C. § 1983. Because we find plaintiff did not comply with Fed.R.App.P. 4(a), this court lacks jurisdiction and we dismiss the appeal without reaching the merits.
 
 
 3
 Plaintiff's complaint was filed on May 15, 1990. After motion by defendant and responsive briefing, the magistrate judge recommended summary judgment in favor of defendant. The district court granted summary judgment on April 8, 1991, and entered judgment dismissing the case entirely on May 21, 1991. Thereafter plaintiff filed a notice of appeal on January 15, 1992, accompanied by requests for a certificate of probable cause and leave to proceed in forma pauperis. The next day the district court issued a certificate of probable cause and therein stated that the notice of appeal was timely filed. I R.Doc. 32.
 
 
 4
 Fed.R.App.P. 4(a) provides for filing a notice of appeal within thirty days (in a case such as this), and provides for obtaining additional time as follows:
 
 
 5
 The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the presribed time may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.
 
 
 6
 An extension may only be granted upon appropriate motion. Any extension beyond the initial thirty-day filing period may not exceed thirty additional days, or ten days following the district court order granting the extension.
 
 
 7
 Before the 1979 amendments to Fed.R.App.P. 4, a late notice of appeal by a pro se litigant would be treated as a motion for extension when filed within the initial thirty-day period provided for in the rule. The amended rule, however, requires a motion for extension to be filed at the latest, within the thirty-day grace period of Fed.R.App.P. 4(a)(5). An appellant's right to appeal is extinguished if an extension is not requested within this grace period. Hurley v. United States Parole Comm'n, 647 F.2d 1053 (10th Cir.1981). See also Fed.R.App.P. 2 and 26(b).
 
 
 8
 Here, plaintiff filed no motion to enlarge the time to file his notice of appeal and the notice was filed nearly eight months after dismissal of the underlying complaint. Despite the district court's statement that the notice of appeal was timely filed, we must conclude that we lack jurisdiction. A timely notice of appeal is a mandatory prerequisite to appellate jurisdiction. United States v. Robinson, 361 U.S. 220, 224 (1960); Gooch v. Skelly Oil Co., 493 F.2d 366, 368 (10th Cir.1974), cert. denied, 419 U.S. 997 (1974). The rules strictly detail the procedure and deadlines for enlarging the time within which to file a notice of appeal. The district court lacked authority to act otherwise. Certain Underwriters at Lloyds of London v. Evans, 896 F.2d 1255, 1257 (10th Cir.1990).
 
 
 9
 APPEAL DISMISSED.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3