986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff-Appellee,
v.
Anthony E. DECK; Lorraine M. Deck, Defendants-Appellants,
and
Security Federal Savings and Loan Association of
Albuquerque, Defendant.
 No. 91-2069.
 United States Court of Appeals, Tenth Circuit.
 Dec. 23, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendants Anthony E. and Lorraine M. Deck appeal from entry of summary judgment against them and in favor of the Federal Deposit Insurance Corporation (FDIC) in its suit to recover on a promissory note and foreclosure of a mortgage allegedly executed by the defendants. Because we conclude defendants did not comply with Fed.R.App.P. 4(a) and 10th Cir.R. 24.1, this court lacks jurisdiction and we dismiss the appeal without reaching the merits.
 
 
 3
 The FDIC filed suit on April 25, 1989, against defendants and Security Federal Savings & Loan (Security Federal).[1] Defendants, who appear pro se, answered and counterclaimed. The FDIC ultimately moved for summary judgment as to its claims and on defendants' counterclaims. The district court granted summary judgment in favor of the FDIC in a memorandum opinion and order filed January 7, 1991. The district court also entered a separate judgment on that date. Docs. 55, 56. Thereafter defendants filed their notice of appeal on March 25, 1991, and subsequently paid the filing fees on April 18, 1991. The FDIC challenged our jurisdiction in a motion filed April 9, 1991, alleging the notice of appeal was not timely.
 
 
 4
 Fed.R.App.P. 4(a)(1) provides, in part, as follows:
 
 
 5
 In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry.
 
 
 6
 Defendants were required to file their notice of appeal on or before March 8, 1991, or obtain an extension from the district court.
 
 
 7
 Fed.R.App.P. 4(a)(5) contains the only mechanism for obtaining additional time to file a notice of appeal. It states:
 
 
 8
 The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.
 
 
 9
 An extension of time must be preceded by an appropriate motion.
 
 
 10
 The failure to pay filing fees, or to timely file a motion to proceed in form pauperis (IFP), may also be grounds for dismissal. 10th Cir.R. 24.1. Defendants did not file a motion to proceed IFP with their notice of appeal, and did not pay filing fees until approximately three weeks later. 10th Cir.R. 3.3.1 and 3.3.4.
 
 
 11
 Defendants did not timely file their notice of appeal, nor did they at any time seek additional time to do so. Prior to 1979, Fed.R.App.P. 4 treated a late notice of appeal by a pro se appellant as a motion for extension, if it was filed within the thirty-day grace period provided in the rule. Presently, however, a motion for extension must be filed within the time prescribed in Rule 4(a)(5). If an extension is not requested within the thirty-day grace period, the right to appeal expires. Mayfield v. United States Parole Comm'n, 647 F.2d 1053 (10th Cir.1981). See also Fed.R.App.P. 2 and 26(b). A timely notice of appeal is a mandatory prerequisite to appellate jurisdiction. United States v. Robinson, 361 U.S. 220, 224 (1960); Gooch v. Skelly Oil Co., 493 F.2d 366, 368 (10th Cir.1974), cert. denied, 419 U.S. 997 (1974).
 
 
 12
 Since defendants filed no motion to enlarge the time in which to file their notice of appeal, the filing of March 25, 1991, was a nullity.[2] We also note defendants' failure to proffer the necessary fees at the time of filing as additional grounds for dismissal.
 
 
 13
 APPEAL DISMISSED.
 
 
 14
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Security Federal filed a disclaimer of interest in the real estate at issue. Doc. 13. Summary judgment was not entered against Security Federal and it is not a party to this appeal
 
 
 [2]
 The record is replete with defendants requests for additional time to file pleadings and complete discovery. We also note defendants' assertion that the clerk's office refused to accept a notice of appeal on March 7, 1991, but offers no evidence of same. Since the notice of appeal ultimately filed was a one-page hand-written document, we find defendants' assertions lacking in credibility