2 F.3d 1160
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gerald Ladd HERSH, Petitioner-Appellant,
v.
KANSAS PAROLE BOARD, Kansas Department of Corrections, David
R. McKune, Warden, Lansing Correctional Facility,
Respondents-Appellees.
 No. 93-3135.
 United States Court of Appeals, Tenth Circuit.
 Aug. 12, 1993.
 
 Before SEYMOUR, MOORE, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Gerald Ladd Hersh, an inmate in the custody of the State of Kansas proceeding pro se, filed this petition for habeas relief under 28 U.S.C. Sec. 2254. On February 17, 1993, the district court dismissed the petition without prejudice due to petitioner's failure to exhaust state remedies. Petitioner's motion for reconsideration was denied on March 17, 1993, and his other post-judgment motions were denied on March 31, 1993.
 
 
 3
 We are without jurisdiction to consider petitioner's appeal. Under the Federal Rules of Appellate Procedure, a notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from." Fed.R.App.P. 4(a)(1). Construing petitioner's motion for reconsideration as a motion to alter or amend judgment under Fed.R.Civ.P. 59, petitioner's time to file the notice of appeal was extended to thirty days from the date of the district court's order denying that motion, March 17. See Fed.R.App.P. 4(a)(4). Petitioner's other post-judgment motions do not extend the time for filing a notice of appeal under Rule 4(a)(4).
 
 
 4
 Petitioner dated his notice of appeal April 29, 1993, and it was stamped "filed" by the district court on May 3, 1993. Either date is beyond the thirty-day period for filing a notice of appeal under Rule 4(a)(4). "It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional.' " Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam) (quoting Browder v. Director, Ill. Dep't of Corrections, 434 U.S. 257, 264 (1978)).
 
 
 5
 Petitioner did not file a motion for extension of time to file the notice of appeal, the time for doing so has now expired, Fed.R.App.P. 4(a)(5), and we may not remand for a hearing to determine whether excusable neglect warrants an extension of time to file the notice of appeal. See Mayfield v. United States Parole Comm'n, 647 F.2d 1053, 1055 (10th Cir.1981). Thus, petitioner's notice of appeal is untimely and we are without jurisdiction.
 
 
 6
 The appeal is DISMISSED.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3