2 F.3d 1160
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Wallace A. HOWARD, Jr., Petitioner-Appellant,
v.
STATE OF NEW MEXICO, Respondent-Appellee.
 No. 93-2113.
 United States Court of Appeals, Tenth Circuit.
 Aug. 13, 1993.
 
 Before LOGAN, ANDERSON, and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Wallace A. Howard, Jr., an inmate in the custody of the State of Texas proceeding pro se, appeals from an order of the district court entered on March 8, 1993, adopting the proposed findings and recommended disposition of the magistrate judge, and dismissing with prejudice his petition for habeas relief filed under 28 U.S.C. Sec. 2254.
 
 
 3
 We are without jurisdiction to consider petitioner's appeal. Under the Federal Rules of Appellate Procedure, the notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from." Fed.R.App.P. 4(a)(1). Petitioner mailed his notice of appeal on April 14 or 15 (the numbers are superimposed). Either date is beyond the thirty-day period for filing a notice of appeal under Rule 4(a)(1). "It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional.' " Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam) (quoting Browder v. Director, Ill. Dep't of Corrections, 434 U.S. 257, 264 (1978)).
 
 
 4
 Petitioner did not file a motion for extension of time to file the notice of appeal, the time for doing so has now expired, Fed.R.App.P. 4(a)(5), and we may not remand for a hearing to determine whether excusable neglect warrants an extension of time to file the notice of appeal. See Mayfield v. United States Parole Comm'n, 647 F.2d 1053, 1055 (10th Cir.1981). Thus, petitioner's notice of appeal is untimely and we are without jurisdiction.
 
 
 5
 The appeal is DISMISSED.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3