5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Ronald W. GREGORY and Dorothy L. Gregory, Debtors.
Ronald W. GREGORY and Dorothy L. Gregory, Appellants,
v.
Ross J. WABEKE, Trustee, Appellee.
 No. 93-1028.
 United States Court of Appeals, Tenth Circuit.
 Aug. 24, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered sub-mitted without oral argument.
 
 
 2
 Debtors Ronald W. and Dorothy L. Gregory appeal from a district court order affirming a decision of the bankruptcy court making detailed finding of fact and imposing $27,000 in sanctions.
 
 
 3
 * Debtors filed for Chapter 11 bankruptcy in January 1986. The case was converted to Chapter 7 in February 1988. After the conversion, debtors failed to file a timely final report and accounting as required by Bankr.Rule 1019(5). Approximately one year after these reports were due, the bankruptcy court ordered debtors to file the required reports by May 30, 1989. Debtors made a partial filing.
 
 
 4
 The bankruptcy court set a hearing for June 25, 1989, to determine whether debtors had complied with its order. Debtors failed to appear at that hearing or subsequent rescheduled hearings on August 7, 1989, September 14, 1989, January 9, 1990, and June 25, 1991. When debtors did not appear at the August 7, 1989, hearing, the bankruptcy court imposed sanctions in the amount of $150 per day commencing on August 10, 1989, and continuing until the debtors complied with Bankr.Rule 1019(5) and (6). The trustee moved the court to reduce those sanctions to a judgment, and on December 4, 1991, the bankruptcy court granted the trustee's motion and imposed $27,000 in sanctions. Debtors filed a Fed.R.Civ.P. 60(b) motion (which the bankruptcy court evidently treated as if filed pursuant to Fed.R.Civ.P. 59); that was denied. Debtors appealed to the district court.
 
 
 5
 The district court affirmed the decision of the bankruptcy court in an order dated May 5, 1992, that included a contemporaneous certificate of mailing to debtors and the trustee. Debtors then filed a "Motion for Statement of Clarification or Bill of Particulars" on June 3, 1992, the twenty-ninth day after the district court order. Debtors stated in that motion that they only became aware of the May 5 district court order because it was referenced in a May 12, 1992, filing by the trustee. Promptly, the following day, the district court remailed its May 5 order to debtors.[2]
 
 
 6
 Debtors filed a Motion for Reconsideration on June 16, 1992. In a minute order issued the same day, the district court denied that motion because it was not signed. Debtors then waited until December 11, 1992, to file a "Motion to Correct Clerical Mistake in Minute Order and to Reinstate Appeal" pursuant to Fed.R.Civ.P. 60(a)(b)(1) [sic]. Attached to that filing was another copy of their June 16, 1992, motion for reconsideration, with signatures dated December 10, 1992. This December 11 motion was denied on January 11, 1993. Debtors filed their notice of appeal on January 21, 1993, seeking to appeal both the May 5, 1992, and January 11, 1993, district court orders.
 
 
 7
 Because we find debtors did not comply with Fed.R.App.P. 4(a), as to their appeal from the May 5, 1992, district court order, this court lacks jurisdiction and we dismiss that portion of the appeal without reaching the merits. As to the January 11, 1993, district court order, debtors' notice of appeal was timely and we review only the district court decision as to the Fed.R.Civ.P. 60(b) motion.
 
 
 8
 Fed.R.App. 4(a)(1) provides, in part, as follows:
 
 
 9
 In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry.
 
 
 10
 Debtors were required to file their notice of appeal from the May 5 order on or before June 4, 1992, or obtain an extension from the district court.
 
 
 11
 Fed.R.App.P. 4(a)(5) contains the only mechanism for obtaining additional time to file a notice of appeal. It states:
 
 
 12
 The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.
 
 
 13
 An extension of time must be preceded by an appropriate motion. Mayfield v. United States Parole Comm'n, 647 F.2d 1053, 1055 (10th Cir.1981).
 
 
 14
 Debtors did not timely file their notice of appeal from the district court's May 5, 1992, order, nor did they seek additional time to do so. We may not treat debtors' filing of June 16 as a request for additional time to file a notice of appeal. If a motion for extension is not filed within the time prescribed by Rule 4(a)(5), the right to appeal expires. Id.; see also Fed.R.App.P. 2 and 26(b). A timely notice of appeal is a mandatory prerequisite to appellate jurisdiction. United States v. Robinson, 361 U.S. 220, 224 (1960); Gooch v. Skelly Oil Co., 493 F.2d 366, 368 (10th Cir.), cert. denied, 419 U.S. 997 (1974).
 
 
 15
 The district court order of January 11, 1993, did not serve to revive debtors' appeal rights as to the May 5, 1992, order. Fed.R.App.P. 4(a)(4) reads in pertinent part as follows:
 
 
 16
 If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.
 
 
 17
 Although timely motions render the district court order non-final, and thus toll the Fed.R.App.P. 4 time limits, United States v. Ibarra, 112 S.Ct. 4, 6 (1991), debtors did not timely file any motion that we can treat as covered by Rule 4(a)(4). Therefore we lack jurisdiction to consider the appeal from the district court order of May 5, 1992.
 
 II
 
 18
 We now review the district court order of January 11, 1993, denying debtors' 60(a)(b)(1) [sic] motion of December 11, 1992. A motion for reconsideration is an opportunity for the district court to correct its "own alleged errors." Ibarra, 112 S.Ct. at 6. However, debtors' posture was unchanged after the district court's January 11 order. If the district court's order of January 11 had altered a previous ruling, any modification might be the subject of appeal. However, the time limitations for filing a notice of appeal are not extended because post-judgment motions are pending. Manufacturers Casualty Ins. Co. v. Arapahoe Drilling Co., 267 F.2d 5, 7 (10th Cir.1959). Furthermore, because the district court order of January 11 changed nothing, it generated no independent basis for appeal. Consequently, we may only review for abuse of discretion the district court's denial of that motion, not the underlying merits of the district court order at which debtors directed their Rule 60 motion. Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 263 n. 7 (1978). We see no abuse of discretion by the district court in denying debtors' Rule 60(b) motion under the facts of this case. Debtors offered no explanation for waiting nearly six months after the district court denied their original motion for reconsideration before attempting to remedy the fundamental procedural infirmities in that June 16 filing. The district court was not unreasonable in denying the Rule 60(b) motion under these circumstances.
 
 
 19
 The appeal of the May 5, 1992, order is dismissed. The appeal of the January 11, 1993, order is AFFIRMED.
 
 
 20
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [2]
 Debtors allege the district court originally mailed the May 5 order to an incorrect address. The record reflects debtors have relocated frequently, without informing the court of their whereabouts, as is their obligation. Nonetheless, debtors do not allege any purposeful attempt by the court to misdirect court documents. Debtors were not prejudiced: they learned of the May 5 order within 30 days and could have simply filed a notice of appeal or requested additional time to do so. Fed.R.App.P. 4(a)(5)