13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles Gilbert SPELLMAN, Plaintiff-Appellant,
v.
KOAT-TV, Defendant-Appellee.
 No. 93-2081.
 United States Court of Appeals, Tenth Circuit.
 Dec. 15, 1993.
 
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Appellant Charles Spellman, proceeding pro se, sued Appellee KOAT-TV for alleged employment discrimination. On January 27, 1993, the United States District Court for the District of New Mexico issued a Memorandum Opinion and Order in which it dismissed Appellant's complaint for failure to properly serve Appellee despite repeated warnings and a grant of additional time by the court. On March 1, 1993, Appellant filed pro se a Notice of Appeal. This raised a jurisdictional issue because Appellant was required pursuant to Fed. R.App. P. 4(a)(1) to file the notice within thirty days of the district court's final order; however, Appellant's notice was filed thirty-three days thereafter.
 
 
 4
 The clerk of this court requested that the parties brief the jurisdictional issue. In his brief, Appellant asserts that his delay was excusable due to his persistent medical problems and his inability to secure representation by an attorney. Appellee contends that late is late and that our decision in Mayfield v. United States Parole Comm'n, 647 F.2d 1053 (10th Cir.), is controlling. We agree.
 
 
 5
 It is well-settled law that a "court of appeals acquires jurisdiction of an appeal only upon the filing of a timely notice of appeal and this requirement is mandatory and jurisdictional." Gooch v. Skelly Oil Co., 493 F.2d 366, 368 (10th Cir.). Furthermore, pro se litigants are strictly held to this requirement as though they were represented by counsel. Benson v. Bearb, 807 F.2d 1228, 1229 (5th Cir.).
 
 
 6
 In Mayfield, a pro se Appellant filed his notice of appeal shortly after the thirty-day filing period had expired. We found that Rule 4(a)(1) does not permit an Appellant to demonstrate excusable neglect for his failure to timely file a notice of appeal when he has not filed a motion for an extension of time as provided for by Rule 4(a)(5). Mayfield, 647 F.2d at 1055. Furthermore, we rejected the Appellant's claim that by accepting the notice of appeal, the district court had effectively granted him an extension. Id.
 
 
 7
 Similarly, in this case there is no claim by Appellant that he filed an appropriate motion for an extension of time within the thirty-day grace period provided by Rule 4(a)(5), nor does Appellant make any alternative meritorious arguments. See SEC v. Thomas, 965 F.2d 825 (10th Cir.) (we are not required to manufacture arguments on appeal for parties). Consequently, Appellant's arguments that he should be excused from his not filing on time are unavailing. We therefore hold that we have no jurisdiction over this appeal.
 
 
 8
 Accordingly, Appellant's appeal is DISMISSED for lack of jurisdiction.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3