**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-8263**

─────────────

ALVIN LUTHER JONES,

       Plaintiff – Appellant,

    v.

GENE M. JOHNSON, Dir. of Dept. of Corr. Va.; HARVARD STEPHENS, Chief Medical Officer for Dept. of Corr. Va.; G. K. WASHINGTON, Regional Dir. (Central Region) Va.; W. J. TOWNLEY, Warden/Supt. Halifax Corr. Field Unit #23; FRANK WRAY, M.D.-Doctor Halifax Corr. Cntr. #23; SANDRA VASS, R.N.--Head Nurse Halifax Corr. Unit #23; A. FIELDS, L.P.N.--Nurse Halifax Corr. Unit #23; J.M.C. BROWN, Grievance Coordinator Halifax Corr. Unit #23,

       Defendants – Appellees.

─────────────

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, Senior District Judge. (7:08-cv-00492-jlk-mfu)

─────────────

Submitted:  June 24, 2010      Decided:  June 29, 2010

─────────────

Before DUNCAN, AGEE, and DAVIS, Circuit Judges.

─────────────

Remanded by unpublished per curiam opinion.

─────────────

Alvin Luther Jones, Appellant Pro Se.  Mark R. Davis, Assistant Attorney General, Richmond, Virginia; Jeff W. Rosen, PENDER & COWARD, PC, Virginia Beach, Virginia, for Appellees.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvin Luther Jones seeks to appeal the district court's order granting summary judgment in favor of the Defendants in his 42 U.S.C. § 1983 (2006) inmate civil rights action. Pursuant to Federal Rule of Appellate Procedure 4(a)(1), a notice of appeal in a civil case must be filed with the district court within thirty days after judgment is entered. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). Therefore, the appeal must be dismissed if the notice of appeal is untimely. Washington v. Bumgarner, 882 F.2d 899, 900 (4th Cir. 1989). The district court may extend the filing time if "a party so moves no later than 30 days after the time prescribed by . . . Rule 4(a) expires" and the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(i)-(ii).

The district court granted Defendants' motion for summary judgment on October 30, 2009. Therefore, Jones had thirty days, or until November 30, 2009, to file a notice of appeal. Jones filed his notice of appeal, at the earliest, on December 7, 2009, thirty-seven days after judgment was entered.[*]

---

[*] For purposes of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could (Continued)

3

In a letter accompanying the notice of appeal, Jones stated that he filed his original notice of appeal in the wrong court because the district court failed to inform him of his appeal rights or to which court he was required to send his notice of appeal.

We construe Jones's letter as a timely request for an extension of the thirty-day appeal period. Therefore, we remand this case to the district court for the limited purpose of enabling the court to determine whether Jones has shown excusable neglect or good cause warranting an extension of time to appeal. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

---

have been delivered to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988).