**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-7165**

———————————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

        v.

BYRON MITCHELL,

                    Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Peter J. Messitte, Senior District
Judge. (8:11-cr-00525-PJM-1; 8:13-cv-01551-PJM)

———————————

Submitted: December 16, 2014        Decided: December 18, 2014

———————————

Before DUNCAN and DIAZ, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————————

Remanded by unpublished per curiam opinion.

———————————

Byron Mitchell, Appellant Pro Se. Sujit Raman, Assistant United
States Attorney, Greenbelt, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Byron Mitchell seeks to appeal the district court's orders denying relief on his 28 U.S.C. § 2255 (2012) and Fed. R. Civ. P. 59(e) motions. Parties are accorded sixty days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(B). The district court may, however, extend the time for filing a notice of appeal if a party so moves within thirty days after expiration of the original appeal period and demonstrates excusable neglect or good cause for the extension. Fed. R. App. P. 4(a)(5)(A)(i)-(ii); Washington v. Bumgarner, 882 F.2d 899, 900-01 (4th Cir. 1989). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's final order dismissing Mitchell's Rule 59(e) motion was entered May 22, 2014. Mitchell filed his notice of appeal, at the earliest, on July 30, 2014, nine days after the appeal period expired. See Houston v. Lack, 487 U.S. 266, 276 (1988). Because Mitchell's notice of appeal was filed beyond the expiration of the appeal period but within the thirty-day excusable neglect period and offered some excuse for his untimeliness, we construe it as a timely request for an extension of time accompanying Mitchell's notice of appeal. Accordingly, we remand this case to the district court for the

2

limited purpose of determining whether Mitchell has demonstrated excusable neglect or good cause warranting an extension of the appeal period.  The record, as supplemented, will then be returned to this court for further consideration.

<u>REMANDED</u>
