Robert Elijah WASHINGTON, Plaintiff–Appellant,

v.

Michael E. BUMGARNER; J. Gainey, Officer; W.E. McMichaels; M. Thomas, Officer, Defendants–Appellees.

No. 88–6716.

United States Court of Appeals, Fourth Circuit.

Argued April 13, 1989.

Decided Aug. 22, 1989.

Russell C. Williams, for plaintiff-appellant.

Sylvia Hargett Thibaut, Asst. Atty. Gen. (Lacy H. Thornburg, Atty. Gen., Pittsboro, N.C., LaVee Hamer Jackson, Asst. Atty. Gen., Dept. of Justice, on brief), for defendants-appellees.

Before WIDENER, MURNAGHAN and WILKINSON, Circuit Judges.

WILKINSON, Circuit Judge:

In *Shah v. Hutto,* 722 F.2d 1167 (4th Cir.1983) (en banc), this circuit held that a bare notice of appeal is not to be regarded as a motion for extension of time under Fed.R.App.P. 4(a)(5). Subsequently, the Supreme Court in *Houston v. Lack,* — U.S. —, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), concluded that a notice of appeal is filed when delivered to prison authorities for forwarding to the court clerk. In this case we must determine if *Houston* overrules *Shah* and, accordingly, whether plaintiff timely filed his notice of appeal. We hold that *Houston* and *Shah* do not conflict and dismiss plaintiff's appeal for lack of jurisdiction.

I.

Plaintiff Robert Elijah Washington was charged with assaulting fellow inmate Anthony Lowery at the Southern Correctional Center in Troy, North Carolina. Following a hearing, the Center's Disciplinary Committee imposed punishment on plaintiff of one to thirty days disciplinary segregation, loss of thirty days good time, and referral of plaintiff's case to the Institutional Classification Committee for further action.

Plaintiff filed a pro se complaint, pursuant to 42 U.S.C. § 1983, on July 14, 1987, alleging that Michael E. Bumgarner, Superintendent of the Southern Correctional Center; W.E. McMichaels, Assistant Superintendent; and M. Thomas and J. Gainey, Correctional Officers, violated his rights to due process, equal protection, and freedom from cruel and unusual punishment. He averred that "Officers Gainey and Thomas intentionally prevaricated on their statements in order to remove [him] from the general population, and that Bumgarner and McMichaels conspired with said officers to deprive [him] of his constitutionally guaranteed rights." Plaintiff sought a declaratory judgment that defendants' acts were unconstitutional, dismissal from employment of defendants Gainey and Thomas, transfer to another prison, removal from long term segregation, and $500 in damages from each defendant.

On October 20, 1987, defendants filed motions to dismiss and for summary judgment. The United States Magistrate granted defendants' motions on March 25, 1988. On May 13, 1988, the United States District Court for the Middle District of North Carolina adopted the magistrate's ruling.

Plaintiff appealed. Plaintiff's notice of appeal bore a notary public's certification dated June 14, 1988.

II.

Notice of appeal in a civil suit is required to be filed within thirty days of the entry of judgment. Fed.R.App.P. 4(a)(1). This limit is " 'mandatory and jurisdictional.' " *Shah v. Hutto,* 722 F.2d 1167, 1167 (4th Cir.1983) (en banc), *quoting Browder v. Director, Dep't. of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978). Failure to comply requires dismissal of the appeal. *Id.* at 1168. A district court may, however, extend the time for filing a notice of appeal, upon a showing of excusable neglect or

good cause, so long as a motion for extension of time is filed no later than thirty days after expiration of the original appeal time. Fed.R.App.P. 4(a)(5).

In interpreting the interplay of Fed.R. App.P. 4(a)(1) and Fed.R.App.P. 4(a)(5), this circuit in *Shah v. Hutto*, 722 F.2d 1167 (4th Cir.1983) (en banc), held that "[a] bare notice of appeal should not be construed as a motion for extension of time, where no request for additional time is manifest." *Id.* at 1169. *See also Myers v. Stephenson*, 748 F.2d 202, 204 (4th Cir.1984). The rule of *Shah* should be self-evident: an extension of time under Fed.R.App.P. 4(a)(5) may be granted for "excusable neglect or good cause," but a bare notice of appeal states no basis on which relief under the express terms of the Rule might be extended. Further, Rule 4(a)(5) requires that a motion for an extension of time be filed; a bare notice of appeal is not a motion. Other circuits have interpreted the rule similarly. *Wyzik v. Employee Benefit Plan of Crane Co.*, 663 F.2d 348, 348 (1st Cir.1981); *Campos v. LeFevre*, 825 F.2d 671, 675–76 (2d Cir.1987); *Herman v. Guardian Life Insurance Co. of America*, 762 F.2d 288, 289–90 (3d Cir.1985); *Briggs v. Lucas*, 678 F.2d 612, 613 (5th Cir.1982); *Pryor v. Marshall*, 711 F.2d 63, 64–65 (6th Cir.1983); *United States ex rel. Leonard v. O'Leary*, 788 F.2d 1238, 1240 (7th Cir.1986); *Campbell v. White*, 721 F.2d 644, 646 (8th Cir. 1983); *Malone v. Avenenti*, 850 F.2d 569, 572 (9th Cir.1988); *Mayfield v. United States Parole Comm'n*, 647 F.2d 1053, 1055 (10th Cir.1981); *Brooks v. Britton*, 669 F.2d 665, 667 (11th Cir.1982).

■ "The fact that plaintiffs are incarcerated and are proceeding *pro se* does not change the clear language of the Rule." *Shah*, 722 F.2d at 1168; *Myers*, 748 F.2d at 204. The purpose of Fed.R.App.P. 4 is to encourage prompt appeals, including those taken by pro se plaintiffs. Moreover, pro se litigants do not bear a heavy burden in requesting an extension of time to appeal. Such a request is hardly more difficult than filing a complaint by which an action is initiated. The litigant is merely required to say why an extension of time would be warranted. No legal expertise is required or expected.

Subsequent to *Shah*, the Supreme Court decided *Houston v. Lack*, —— U.S. ——, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). In *Houston*, petitioner drafted a pro se notice of appeal from a district court judgment dismissing his pro se habeas corpus petition. Twenty-seven days after the district court judgment, petitioner deposited his notice of appeal with the prison authorities for mailing to the district court. The clerk of court stamped the notice "filed" thirty-one days after the judgment and the court of appeals correspondingly dismissed the petition as jurisdictionally out of time. In reversing the court of appeals, the Supreme Court concluded that "the Court of Appeals had jurisdiction over petitioner's appeal because the notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston*, 108 S.Ct. 2385 (note omitted).

*Houston* does not conflict with this circuit's decision in *Shah;* appellant concedes as much in his brief. Whereas *Shah* addressed the item to be filed for an extension of time, *Houston* addressed the date of the filing. The *Houston* court explicitly did not consider whether petitioner's "notice of appeal should be treated as a motion for extension of time under Rule 4(a)(5)." *Id.* at 2385 n. 4. Far from being incompatible, *Houston* and *Shah* are complementary, because *Houston* assures that a bare notice of appeal will not be untimely due to the delay of prison authorities.

■ Because plaintiff's notice of appeal did not include a request for additional time, it cannot be regarded as a motion for extension of time pursuant to *Shah*. Plaintiff's motion is also untimely under *Houston*. *Houston* recognized that the filing of a notice of appeal occurs when a pro se prisoner delivers the notice to prison officials. Plaintiff's notice of appeal bears a notary public's certification dated June 14, 1988. While notarization of a notice of appeal is not required, it provides an easy way to determine when an appeal was filed, thus preventing a lengthy dispute

over this threshold fact. *See Houston*, 108 S.Ct. at 2385 (emphasizing importance of objective indicia of delivery to alleviate need to "dispute a prisoner's assertions that he delivered the paper on a different date"). In particular, the notary public's certification serves as prima facie evidence that plaintiff delivered his notice of appeal to prison officials on June 14 and signed or verified his signature on that date. *See Owens v. Chaplin*, 229 N.C. 797, 48 S.E.2d 37, 40 (1948). Accordingly, plaintiff filed his notice of appeal one day beyond the thirty-day period required by Rule 4(a)(1). We must therefore dismiss the appeal for want of jurisdiction.

DISMISSED.

MURNAGHAN, Circuit Judge, concurring:

The majority opinion adheres in a stringent way to authority as it currently exists and I regretfully concur. However, I find it unsettling that a *pro se* prisoner prosecuting his own case and making the attempt to appeal should be wholly barred on jurisdictional grounds. At the time he filed his notice of appeal one or two days late, there still remained the possibility of his securing a ruling of excusable neglect which would make his notice of appeal timely. That chance was not negligible or illusory. In every case which occurs to me where a *pro se* prisoner inadvertently files his notice of appeal too late, but within the thirty day extension period in cases of excusable neglect, it seems to me that a request for a finding of excusable neglect was implicit.

The appeal forms could, with no distortion in meaning and intent, automatically request a finding of excusable neglect. Seeking of such a finding seems commonplace and rudimentary to those of us trained in the law, but extremely arcane to the bulk of *pro se* prisoners who are not learned in the law. Even when a party is represented by counsel, the Supreme Court has explained that "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). At least as true is that observation when judgment of a *pro se* prisoner is reviewed. After all, the allowing of the appeal only favors a finding of sufficient diligence in one utterly untrained in the law's intricacies and allows for no great expansion in the number of cases to be heard, remembering that many, if not all, could have been heard if the plaintiff had been legally advised adequately.

It seems to me, therefore, that the logic of *Shah v. Hutto*, 722 F.2d 1167 (4th Cir. 1983) (*en banc*), is flawed and that the case should be reversed. That, however, can only be accomplished by an *en banc* court, the likelihood of obtaining of which is negligible. Therefore, I am compelled to concur. I do so, however, noting that *Shah v. Hutto* was actually only a *dictum* in the sense that, decided before *Houston v. Lack*, — U.S. —, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), it ignored the fact that there had been a timely filing of the notice of appeal under the holding in *Houston v. Lack*. Consequently, *Shah v. Hutto* should have been decided in a manner contrary to its actual holding on grounds rendering totally inapplicable the rationale employed by the *en banc* majority in *Shah v. Hutto*.