902 F.2d 1566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Theodore SHIPES, Plaintiff-Appellant,
v.
Jon P. GALLEY, Acting Warden; Ruby Reid, Classification,
Defendants-Appellees.
 No. 89-6725.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 18, 1989.
Decided April 26, 1990.
Rehearing and Rehearing In Banc Denied May 21, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (C/A No. 89-912-HM)
 Theodore Shipes, appellant pro se.
 D.Md.
 DISMISSED.
 Before WIDENER, PHILLIPS and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Theodore Shipes, a state prisoner, submitted his notice of appeal to prison authorities outside the 30-day period established by Fed.R.App.P 4(a)(1). It was therefore untimely. See Houston v. Lack, 56 U.S.L.W. 4728 (U.S. Jun. 24, 1988) (No. 87-5428). In addition, he failed to specifically request an extension of time on his notice of appeal within the additional 30-day period provided by Fed.R.App.P. 4(a)(5).[1] See Washington v. Bumgarner, 882 F.2d 899 (4th Cir.1989).
 
 
 2
 The time periods established by Fed.R.App.P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Shipes's failure to note a timely appeal or obtain an extension of the appeal period deprives this Court of jurisdiction to consider this case. We therefore dismiss the appeal.[2] We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 3
 DISMISSED.
 
 
 
 [1]
 For purposes of this appeal, we assume that the date Shipes placed on the notice of appeal is the earliest date he would have submitted it to prison authorities
 
 
 [2]
 In light of our disposition, we do not reach Shipes's motion for summary judgment filed in this Court