941 F.2d 1208
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Curtis L. WRENN, individually and on behalf of all others
similarly situated, Plaintiff-Appellant,
v.
G. Bruce McFADDEN, individually and as Director of the
University of Maryland Hospital, University of
Maryland Hospital, Defendants-Appellees,
and
Albin O. Kuhn, individually and as Chancellor of the
University of Maryland at Baltimore, Wilson H. Elkins,
individually and as President of the University of Maryland,
John S. Toll, individually and as President of the
University of Maryland, Blair Lee, III, individually and as
Acting Governor of the State of Maryland, B. Herbert Brown,
individually and as Chairman of the Board of Regents of the
University of Maryland at Baltimore, Donald W. O'Connell,
individually and as Vice President for General
Administration of the University of Maryland, University of
Maryland, State of Maryland, Defendants.
 No. 91-1058.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 13, 1991.
Decided Aug. 16, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CA-82-2044-HAR)
 Curtis L. Wrenn, appellant pro se.
 John Joseph Curran, Jr., Attorney General, William Franklin Howard, Assistant Attorney General, Robert Bolon Barnhouse, Stephen Bruce Lebau, Piper & Marbury, Baltimore, Md., for appellees.
 D.Md.
 REMANDED.
 Before K.K. HALL, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Curtis Wrenn seeks to appeal the district court's order dismissing his employment discrimination action for failure to pay a courtordered sanction imposed in Wrenn v. McFadden, No. 89-1080 (4th Cir. May 8, 1990) (unpublished). The appellees have moved to dismiss the appeal for lack of jurisdiction because the notice of appeal was untimely. We remand to the district court for a determination of excusable neglect pursuant to Fed.R.App.P. 4(a)(5).
 
 
 2
 Wrenn noted an appeal beyond the 30-day appeal period provided by Fed.R.App.P. 4(a)(1), but within the time necessary to obtain an extension of time under Fed.R.App.P. 4(a)(5). He also wrote a letter to the court stating that he had not received a copy of the order dismissing the action, and explaining that if the case had indeed been dismissed he wanted to note an appeal. We construe Wrenn's letter to the court as a motion for extension of time pursuant to Fed.R.App.P. 4(a)(5). See Washington v. Bumgarner, 882 F.2d 899 (4th Cir.1989) (litigant's pleading must explain why extension of time is warranted in order to qualify as Fed.R.App.P. 4(a)(5) motion), cert. denied, 58 U.S.L.W. 3468 (U.S.1990). Consequently, we remand the case to the district court for ruling on the motion. See United States v. Reyes, 759 F.2d 351, 354 (4th Cir.), cert. denied, 474 U.S. 857 (1985).
 
 
 3
 The appellees' motion to dismiss is denied without prejudice to their right to refile it after the district court's ruling. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 4
 REMANDED.