**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-6476**

_____

RONALD MAYBERRY,

　　　　　　　Plaintiff - Appellant,

　　　　v.

NURSE SUSAN,

　　　　　　　Defendant – Appellee,

　　　　and

WASHINGTON COUNTY CORRECTIONAL JAIL; CORRECTIONAL OFFICER
TERRY,

　　　　　　　Defendants.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Malcolm J.
Howard, Senior District Judge. (5:07-ct-03106-H)

_____

Submitted:　May 7, 2009　　　　　　　　Decided:　June 2, 2009

_____

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

_____

Remanded by unpublished per curiam opinion.

_____

Ronald Mayberry, Appellant Pro Se.　Walter Gregory Merritt, Jay
C. Salsman, HARRIS, CREECH, WARD & BLACKERBY, New Bern, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Mayberry seeks to appeal the district court's order entering summary judgment against him. Susan Simmons, referred to by Mayberry as "Nurse Susan," has moved to dismiss the appeal as untimely.

Pursuant to Federal Rule of Appellate Procedure 4(a)(1), a notice of appeal in a civil case must be filed with the district court within thirty days after judgment is entered. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, ___, 127 S. Ct. 2360, 2366 (2007). Therefore, the appeal must be dismissed if the notice of appeal is untimely. Washington v. Bumgarner, 882 F.2d 899, 900 (4th Cir. 1989). The district court may extend the filing time if "a party so moves no later than 30 days after the time prescribed by . . . Rule 4(a) expires" and the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(i)-(ii).

The district court granted Simmons's motion for summary judgment on February 9, 2009. Therefore, Mayberry had thirty days, or until March 11, 2009, to file a notice of appeal. Mayberry filed his notice of appeal, at the earliest,

on March 12, 2009, thirty-one days after judgment was entered.[*] Mayberry did not move in the district court for an extension of the filing time. However, Mayberry's response to Simmons's motion to dismiss, filed in this court within the thirty-day excusable neglect period, requested that his appeal not be dismissed because he cannot afford an attorney and is disabled.

We construe Mayberry's response to Simmons's motion to dismiss as a timely request for an extension of the thirty-day appeal period. Therefore, we remand this case to the district court for the limited purpose of enabling the court to determine whether Mayberry has shown excusable neglect or good cause warranting an extension of time to appeal. The record, as supplemented, will then be returned to this court for further consideration. We defer ruling on the motion to dismiss pending that return.

REMANDED

---

[*] For purposes of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been delivered to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988).