**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-6178**
_____

BENNY DERRELL KING,

     Petitioner – Appellant,

   v.

BOBBY P. SHEARIN, N.B.C.I. Warden; DOUGLAS F. GANSLER, The
Attorney General of the State of Maryland; ATTORNEY GENERAL
OF MARYLAND,

     Respondents – Appellees.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Alexander Williams, Jr., District
Judge. (8:09-cv-02014-AW)

_____

Submitted:  June 24, 2010    Decided:  June 30, 2010

_____

Before DUNCAN, AGEE, and DAVIS, Circuit Judges.

_____

Remanded by unpublished per curiam opinion.

_____

Benny Derrell King, Appellant Pro Se.   Edward John Kelley,
OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland,
for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benny Derrell King seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 (2006) petition as time-barred.

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), a notice of appeal in a civil case must be filed with the district court within thirty days of entry of judgment. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). Therefore, the appeal must be dismissed if the notice of appeal is untimely. Washington v. Bumgarner, 882 F.2d 899, 900 (4th Cir. 1989). The district court may extend the filing time if "a party so moves no later than 30 days after the time prescribed by . . . Rule 4(a) expires" and the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(i)-(ii).

The district court's order dismissing King's § 2254 petition was entered on December 23, 2009. King had thirty days, or until January 22, 2010, to file a notice of appeal. King filed his notice of appeal, at the earliest, on January 25, 2010, thirty-three days after judgment was entered.[*]

---

[*] For purposes of this appeal, we assume the date appearing on the notice of appeal is the earliest date it could have been (Continued)

2

King's notice of appeal was filed within the thirty-day excusable neglect period provided by Fed. R. App. P. 4(a)(5)(A)(i). Further, the notice of appeal arguably reflects a request for an extension of the thirty-day appeal period. Accordingly, we remand this case to the district court for the limited purpose of enabling the court to determine whether King adequately requested such an extension and whether he has shown excusable neglect or good cause warranting an extension of the appeal period. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

---

delivered to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988).