**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-7247

MICHAEL WAYNE CRAWFORD,

                Petitioner - Appellant,

        v.

GENE M. JOHNSON,

                Respondent - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.   Glen E. Conrad, Chief District Judge.  (7:11-cv-00158-GEC)

Submitted:  January 5, 2012        Decided:  January 12, 2012

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

Remanded by unpublished per curiam opinion.

Michael Wayne Crawford, Appellant Pro Se.  Benjamin Hyman Katz, Assistant Attorney General, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Wayne Crawford seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 (2006) petition as untimely. Parties in a civil case have thirty days following entry of the judgment or order to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). However, if a party moves for an extension within thirty days after expiration of the original appeal period and shows excusable neglect or good cause warranting an extension, a district court may extend the time to file a notice of appeal. Fed. R. App. P. 4(a)(5)(A); Washington v. Bumgarner, 882 F.2d 899, 900-01 (4th Cir. 1989).

Crawford's notice of appeal was received in the district court shortly after expiration of the appeal period but within the thirty-day excusable neglect period. Because Crawford is incarcerated, the notice is considered filed as of the date it was properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266 (1988). However, the record does not reveal when Crawford gave the notice of appeal to prison officials for mailing. In addition, Crawford's notice of appeal was accompanied by a cover letter asserting that he had mailed an initial notice of appeal some twenty days earlier and confirming his wish to pursue an appeal. We conclude this letter should be liberally construed as a motion pursuant to Rule 4(a)(5)(A). We

2

accordingly remand the case to the district court for the limited purpose of permitting the court to determine whether Crawford timely filed a notice of appeal and, if not, whether he has shown excusable neglect or good cause warranting an extension of the thirty-day appeal period.  The record, as supplemented, will then be returned to this court for further consideration.

REMANDED