**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-7707**

CARDELL LAMONT AVENT,

        Petitioner - Appellant,

    v.

RANDALL C. MATHENA, Warden, Wallens Ridge State Prison,

        Respondent – Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  John A. Gibney, Jr., District Judge.  (3:11-cv-00605-JAG)

Submitted:  February 20, 2013    Decided:  February 28, 2013

Before DUNCAN, DAVIS, and DIAZ, Circuit Judges.

Remanded by unpublished per curiam opinion.

Cardell Lamont Avent, Appellant Pro Se.  Eugene Paul Murphy, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cardell Lamont Avent seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 (2006) petition. Parties in a civil action in which the United States is not a party have thirty days following entry of a final order in which to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). These time periods are mandatory and jurisdictional. Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978); see also Bowles v. Russell, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). However, if a party moves for an extension of time to appeal within thirty days after expiration of the original appeal period and demonstrates excusable neglect or good cause, a district court may extend the time to file a notice of appeal. Fed. R. App. P. 4(a)(5)(A); Washington v. Bumgarner, 882 F.2d 899, 900-01 (4th Cir. 1989).

The district court entered judgment against Avent on August 6, 2012; Avent had until September 5, 2012, to file a timely notice of appeal. Avent filed his notice of appeal on September 6, 2012, one day late.[*] Avent separately filed a

---

[*] Avent's notice of appeal is deemed filed when he delivered it to the prison mailroom on September 6, 2012, with a notarized statement setting forth the date of deposit and a certificate of service. See Houston v. Lack, 487 U.S. 266, 276 (1988). The fact that Avent mistakenly mailed his notice of appeal to this
(Continued)

2

motion for extension of time on the same day and within the thirty-day excusable neglect period. Because this motion remains pending in the district court, we remand for the limited purpose of determining whether Avent has demonstrated excusable neglect or good cause warranting an extension of the thirty-day appeal period. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

court is inconsequential. See Fed. R. App. P. 4(d) (a notice of appeal mistakenly filed in the court of appeals is considered filed in the district court on the date so noted).

3