**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-6007**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHRISTOPHER CORNELIUS DANIELS,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:11-cr-00057-BR-1; 5:12-cv-00532-BR)

———————

Submitted: April 18, 2013      Decided: April 23, 2013

———————

Before WILKINSON, GREGORY, and DAVIS, Circuit Judges.

———————

Remanded by unpublished per curiam opinion.

———————

Christopher Cornelius Daniels, Appellant Pro Se. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Cornelius Daniels seeks to appeal the district court's order dismissing his 28 U.S.C.A. § 2255 (West Supp. 2012) motion. In a civil case in which the United States or its officer or agency is a party, parties have sixty days following the entry of the district court's final judgment or order in which to file a notice of appeal. Fed. R. App. P. 4(a)(1)(B). The district court may, however, extend the time for filing a notice of appeal if a party so moves within thirty days after expiration of the original appeal period and demonstrates excusable neglect or good cause for the extension. Fed. R. App. P. 4(a)(5)(A)(i)-(ii); Washington v. Baumgarner, 882 F.2d 899, 900-01 (4th Cir. 1989).

The district court dismissed Daniels' § 2255 motion on October 16, 2012. Thus, Daniels had until Monday, December 17, 2012, to file a notice of appeal.[*] Daniels filed his notice of appeal on Tuesday, December 18, 2012, one day beyond the expiration of the appeal period but within the thirty-day excusable neglect period. We construe as a timely request for

---

[*] The sixtieth day fell on Saturday, December 15, 2012. Thus, Daniels was required to file his notice of appeal no later than the following Monday. Fed. R. App. P. 26(a)(1)(C).

an extension of time the letter accompanying Daniels' notice of appeal.

Accordingly, we remand this case to the district court for the limited purpose of determining whether Daniels has demonstrated excusable neglect or good cause warranting an extension of the appeal period. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED