**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-7057**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

KYHEIM DELANGO TUCKER, a/k/a Paso,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Rebecca Beach Smith, Chief District Judge.  (4:09-cr-00081-RBS-FBS-11; 4:13-cv-00033-RBS)

Submitted:  August 29, 2013          Decided:  September 4, 2013

Before DUNCAN, AGEE, and KEENAN, Circuit Judges.

Remanded by unpublished per curiam opinion.

Kyheim Delango Tucker, Appellant Pro Se.  Eric Matthew Hurt, Lisa Rae McKeel, Brian James Samuels, Howard Jacob Zlotnick, Assistant United States Attorneys, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kyheim Delango Tucker, a federal prisoner, seeks to appeal the district court's order dismissing as untimely his 28 U.S.C.A. § 2255 (West Supp. 2013) motion. In a civil case in which the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6).

The district court's order was entered on the docket on April 19, 2013. The notice of appeal was filed on June 22, 2013,[*] after the expiration of the sixty-day appeal period but within the thirty-day excusable neglect period. In the notice of appeal, Tucker acknowledges that his appeal is untimely but requests that the notice be "grant[ed]" because he was experiencing money "problems" and awaiting a determination by prison authorities as to whether he qualified as indigent and eligible to receive postage to mail the notice to the court.

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

2

We liberally construe Tucker's statements as requesting an extension of the appeal period under Fed. R. App. P. 4(a)(5). Washington v. Bumgarner, 882 F.2d 899, 900–01 (4th Cir. 1989); Myers v. Stephenson, 748 F.2d 202, 204 (4th Cir. 1984). Because the district court has not ruled on the request for extension, we remand the case to the district court for the limited purpose of determining whether Tucker has demonstrated excusable neglect or good cause warranting an extension of the sixty-day appeal period. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED