**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-7212**

---

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

WILLIAM ISAAC SMALLS,

             Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:10-cr-00008-MR-1; 1:12-cv-00286-MR)

---

Submitted:  December 16, 2014       Decided:  December 30, 2014

---

Before GREGORY and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Remanded by unpublished per curiam opinion.

---

William Isaac Smalls, Appellant Pro Se. Donald David Gast, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Isaac Smalls seeks to appeal the district court's order denying relief on his motion under 28 U.S.C. § 2255 (2012). In a civil case in which the United States or its officer or agency is a party, parties have sixty days following the entry of the district court's final judgment or order in which to file a notice of appeal. Fed. R. App. P. 4(a)(1)(B). However, if a party moves for an extension of time to appeal within thirty days after expiration of the original appeal period and demonstrates excusable neglect or good cause, a district court may extend the time to file a notice of appeal. Fed. R. App. P. 4(a)(5)(A); Washington v. Bumgarner, 882 F.2d 899, 900-01 (4th Cir. 1989).

Smalls' notice of appeal was received in the district court after the expiration of the sixty-day appeal period but within the thirty-day excusable neglect period. In his notice of appeal, Smalls requested an extension of time to appeal because he was in transit when the district court served him with notice of its judgment and he did not receive it until after the sixty-day appeal period expired. We conclude that Smalls' notice of appeal should be construed as a motion pursuant to Rule 4(a)(5)(A). Accordingly, we remand the case to the district court for the limited purpose of determining whether Smalls has demonstrated excusable neglect or good cause

2

warranting an extension of the sixty-day appeal period. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED