**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6154**

CAESAREA DEVELLE JAMES, JR.,

　　　　　Petitioner - Appellant,

　　　v.

ANNE MARY CARTER, The Warden of MCI of the Federal Correctional Institution of Morgantown,

　　　　　Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.　John Preston Bailey, District Judge. (2:14-cv-00042-JPB-JES)

Submitted:　June 18, 2015　　　　　Decided:　August 4, 2015

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Remanded by unpublished per curiam opinion.

Caesarea Develle James, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Caesarea Develle James, Jr., a federal prisoner, seeks to appeal the district court's order accepting the magistrate judge's recommendation and denying relief on James' 28 U.S.C. § 2241 (2012) petition. In a civil case in which the United States or its officer or agency is a party, parties have 60 days following the entry of the district court's final judgment or order in which to file a notice of appeal. Fed. R. App. P. 4(a)(1)(B). However, if a party moves for an extension of time to appeal within 30 days after expiration of the original appeal period and demonstrates excusable neglect or good cause, a district court may extend the time to file a notice of appeal. Fed. R. App. P. 4(a)(5)(A); Washington v. Bumgarner, 882 F.2d 899, 900-01 (4th Cir. 1989).

The district court's final order was entered on October 29, 2014. James filed his notice of appeal after the expiration of the 60-day appeal period but possibly within the 30-day excusable neglect period.* Because James' notice of appeal offered some excuse for his untimeliness, we construe it as a

---

* Pursuant to Houston v. Lack, 487 U.S. 266 (1988), James' notice of appeal is deemed filed when he deposited it with prison officials for mailing. Id. at 276. James did not date his notice of appeal; however, the postmark date is January 29, 2015. It is possible that James timely deposited it for mailing on January 28, 2015, or before.

request for an extension of time accompanying his notice of appeal. Accordingly, we remand this case to the district court for the limited purpose of determining whether James' motion for extension of time was timely filed and, if so, whether he has demonstrated excusable neglect or good cause warranting an extension of the 60-day appeal period. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED