**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6141**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

ERIC WILFORD MORRISON,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.   (5:07-cr-00050-RLV-DSC-2; 5:12-cv-00147-RLV)

Submitted:  July 29, 2016          Decided:  August 4, 2016

Before NIEMEYER, MOTZ, and THACKER, Circuit Judges.

Remanded by unpublished per curiam opinion.

Eric Wilford Morrison, Appellant Pro Se.   Erin Elizabeth Comerford, Thomas A. O'Malley, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Morrison seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255 (2012) motion. When the United States or its officer or agency is a party to a civil action, parties are accorded 60 days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(B). However, the district court may extend the time to file a notice of appeal if a party moves for an extension of the appeal period within 30 days after the expiration of the original appeal period and demonstrates excusable neglect or good cause to warrant an extension. Fed. R. App. P. 4(a)(5); Washington v. Bumgarner, 882 F.2d 899, 900-01 (4th Cir. 1989). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

Here, the district court's final judgment was entered on the docket on October 21, 2015. Morrison's first notice of appeal was filed, at the latest, on January 14, 2016, see Fed. R. App. P. 4(c), (d); Houston v. Lack, 487 U.S. 266, 270 (1988), outside the appeal period but within the excusable neglect period. The notice of appeal contains language that we liberally construe as a request for an extension of time to appeal.

2

Accordingly, we remand this case to the district court for the limited purpose of determining whether Morrison has demonstrated excusable neglect or good cause warranting an extension of the 60-day appeal period. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

3