<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7512**

STEVEN LEON BANKS,

       Plaintiff - Appellant,

    v.

VINCENT MYRON GORE, Head – Physician; A. SMITH, Nurse; NURSE KEYS,

       Defendants – Appellees,

    and

NURSE GOODE; DR. ABAGUTTA; NURSE GRIFFITH; ARMOR HEALTH CARE; PTX DIALYSIS, Dialysis – Provider,

       Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:14-cv-00205-CMH-JFA)

Submitted: February 16, 2017    Decided: February 22, 2017

Before GREGORY, Chief Judge, DUNCAN, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Steven Leon Banks, Appellant Pro Se.  Elizabeth Martin Muldowney, RAWLS, MCNELIS & MITCHELL, PC, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Leon Banks seeks to appeal the district court's order denying what the district court construed as a motion for reconsideration of its order granting Defendants summary judgment. Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(A). The district court may, however, extend the time for filing a notice of appeal if a party so moves within thirty days after expiration of the original appeal period and demonstrates excusable neglect or good cause for the extension. Fed. R. App. P. 4(a)(5)(A)(i)-(ii); Washington v. Bumgarner, 882 F.2d 899, 900-01 (4th Cir. 1989).

The district court's order denying Banks' motion for reconsideration was entered on the docket on September 21, 2016. Thus, Banks had until October 21, 2016, to file a notice of appeal. Banks' notice of appeal was filed, at the earliest, on October 24, 2016.[*] Because Banks' notice of appeal was filed beyond the expiration of the appeal period, but within the thirty-day excusable neglect period, we construe Banks' filing as a timely request for an extension of time to file an appeal.

---

[*] See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's notice of appeal is considered filed when it is delivered to prison authorities for mailing to the court).

3

Accordingly, we remand this case to the district court for the limited purpose of determining whether Banks has demonstrated excusable neglect or good cause warranting an extension of the appeal period. The record, as supplemented, will then be returned to this court for further consideration.

<u>REMANDED</u>