**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7530**

CORY DELAURENCIO,

                    Petitioner - Appellant,

            v.

JOHN WALRATH,

                    Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:16-cv-00943-AJT-TCB)

Submitted: March 29, 2018                              Decided: April 3, 2018

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Cory DeLaurencio, Appellant Pro Se. Eugene Paul Murphy, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cory DeLaurencio seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 (2012) petition. Parties to a civil action are accorded 30 days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(A). However, the district court may extend the time to file a notice of appeal if a party moves for an extension of the appeal period within 30 days after the expiration of the original appeal period and demonstrates excusable neglect or good cause to warrant an extension. Fed. R. App. P. 4(a)(5); *see Washington v. Bumgarner*, 882 F.2d 899, 900-01 (4th Cir. 1989). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's final judgment was entered on the docket on September 29, 2017. DeLaurencio's notice of appeal was dated November 6, 2017,[*] and filed November 16, 2017, after expiration of the 30-day appeal period but within the excusable neglect period. Because DeLaurencio's notice of appeal offered some excuse for his untimeliness and a request to consider a "delayed" notice of appeal, we construe it as a request for an extension of time accompanying his notice of appeal. Accordingly, we remand the case for the limited purpose of allowing the district court to determine whether the time for filing a notice of appeal should be extended under Fed. R. App. P.

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).

4(a)(5)(A). The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*