**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1172**

PAMELA DIZ,

        Plaintiff - Appellant,

      v.

REBECCA MARTIN, Owner Financer; FRANCIS TACY; JEFF TACY; SERGIO DE SOUSA; ADAM BULL, Attorney; SABRINA DIZ; KELLY MARLER, Social Worker; LARAMIE COLLINS; BRITNEY SHULTZ; REGENERATION STATION; JONATHAN MCELROY, Attorney; ASHEVILLE POLICE DEPARTMENT; MISSION HOSPITAL AFFILIATES; MCINTOSH LAW FIRM, Attorneys; STORMY SPICER; LOUIS VEGA,

        Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:17-cv-00319-MR-DLH)

Submitted:  June 14, 2018                     Decided:  June 18, 2018

Before TRAXLER, DUNCAN, and WYNN, Circuit Judges.

Remanded by unpublished per curiam opinion.

Pamela Diz, Appellant Pro Se.  Brian Donald Gulden, PATLA, STRAUS, ROBINSON & MOORE, PA, Asheville, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pamela Diz seeks to appeal from the district court's order sua sponte dismissing her civil complaint as frivolous. Parties to a civil action are accorded 30 days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(A). However, the district court may extend the time to file a notice of appeal if a party moves for an extension of the appeal period within 30 days after the expiration of the original appeal period and demonstrates excusable neglect or good cause to warrant an extension. Fed. R. App. P. 4(a)(5); *see Washington v. Bumgarner*, 882 F.2d 899, 900-01 (4th Cir. 1989). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's final judgment was entered on the docket on December 29, 2017. Diz's notice of appeal was filed on February 8, 2018, after the expiration of the 30-day appeal period but within the excusable neglect period. Because Diz's notice of appeal offered some excuse for her untimeliness and a request for the court to reopen the appeal time, we construe it as a timely request for an extension of time to file an appeal. Accordingly, we remand the case for the limited purpose of allowing the district court to determine whether the time for filing a notice of appeal should be extended under Fed. R. App. P. 4(a)(5)(A). The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*