**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6624**

TAKAEUS MAKEON GRAHAM,

Plaintiff - Appellant,

v.

MAJOR T. JARRELL, Correctional Officer; LIEUTENANT D. ANDERSON, Correctional Officer; R. TUCKER, Correctional Officer; A. DAVID ROBINSON; CARL A. MANIS, Warden for Nottoway Correctional Center,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Mark S. Davis, Chief District Judge.  (2:16-cv-00063-MSD-RJK)

Submitted:  July 18, 2019                    Decided:  July 23, 2019

Before WILKINSON, AGEE, and THACKER, Circuit Judges.

Remanded by unpublished per curiam opinion.

Takaeus Makeon Graham, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Takaeus M. Graham seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 (2012) action without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Parties to a civil action are accorded 30 days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(A). However, the district court may extend the time to file a notice of appeal if a party moves for an extension of the appeal period within 30 days after the expiration of the original appeal period and demonstrates excusable neglect or good cause to warrant an extension. Fed. R. App. P. 4(a)(5); *see Washington v. Bumgarner*, 882 F.2d 899, 900-01 (4th Cir. 1989). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its final order on March 11, 2019. Graham filed his notice of appeal with the prison mail system on April 18, 2019, after the expiration of the 30-day appeal period but within the excusable neglect period. *See* Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988). Graham also filed documents containing language that we construe as a request for an extension of time to appeal. Accordingly, we remand this case to the district court for the limited purpose of determining whether Graham has demonstrated excusable neglect or good cause warranting an extension of the 30-day appeal period. The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*

2