**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6811**

RONALD D. SMITH,

                Petitioner - Appellant,

      v.

DONNIE AMES, Superintendent,

                Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:19-cv-00125-GMG)

Submitted:  September 24, 2020               Decided:  September 29, 2020

Before HARRIS and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Ronald D. Smith, Appellant Pro Se.  Lindsay Sara See, OFFICE OF THE ATTORNEY GENERAL OF WEST VIRGINIA, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald D. Smith seeks to appeal the district court's order accepting the magistrate judge's recommendation and denying relief on Smith's 28 U.S.C. § 2254 petition. Parties to a civil action are accorded 30 days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(A). However, the district court may extend the time to file a notice of appeal if a party moves for an extension of the appeal period within 30 days after the expiration of the original appeal period and demonstrates excusable neglect or good cause to warrant an extension. Fed. R. App. P. 4(a)(5)(A); *Washington v. Bumgarner*, 882 F.2d 899, 900-01 (4th Cir. 1989). The district court may also reopen the appeal period if the court finds that the moving party did not receive notice of the judgment or order sought to be appealed within 21 days after entry and certain other requirements are met. Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its final judgment on April 16, 2020. Smith filed his notice of appeal on May 29, 2020,[*] after the expiration of the 30-day appeal period but within the excusable neglect period. Smith's notice of appeal contained language that can fairly be construed as a request for an extension of time to appeal or, alternatively, as a motion to reopen the appeal period. We therefore remand this case to the district court for the limited

---

[*] The notice of appeal in this case is not dated, but bears a postmark of May 29, 2020. For the purpose of this appeal, we assume that the postmark date is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

purpose of determining whether the appeal period should be extended under Fed. R. App. P. 4(a)(5) or reopened under Fed. R. App. P. 4(a)(6). The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*