**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6863**

JOSEPH JOHNSON,

       Plaintiff - Appellant,

    v.

WARDEN CASEY CAMPBELL; DPSCS HEALTH CARE ADMINISTRATION; WEXFORD MEDICAL SERVICES, INC.,

       Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge.  (8:18-cv-03131-GJH)

Submitted:  October 19, 2021           Decided:  January 12, 2022

Before GREGORY, Chief Judge, RICHARDSON, Circuit Judge, and KEENAN, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Joseph Johnson, Appellant Pro Se.  Lucas William Chrencik, GOODELL DEVRIES LEECH & DANN, LLP, Baltimore, Maryland, for Appellee Wexford Medical Services, Inc.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Johnson seeks to appeal the district court's order denying relief on his 42 U.S.C. § 1983 action. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Parties to a civil action are accorded 30 days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(A). However, the district court may extend the time to file a notice of appeal if a party moves for an extension of the appeal period within 30 days after the expiration of the original appeal period and demonstrates excusable neglect or good cause to warrant an extension. Fed. R. App. P. 4(a)(5); *see Washington v. Bumgarner*, 882 F.2d 899, 900-01 (4th Cir. 1989). Additionally, the district court may reopen the time to file an appeal if a party moves to do so within 180 days after the judgment is entered or within 14 days after the moving party receives notice of the judgment under Federal Rule of Civil Procedure 77(d), and the court finds the moving party did not receive notice of the judgment and no party would be prejudiced by reopening the time to file an appeal. Fed. R. App. P. 4(a)(6).

The district court's final judgment was entered on March 25, 2020. Johnson dated his notice of appeal May 24, 2020, after the expiration of the 30-day appeal period but within the excusable neglect period. Pursuant to *Houston v. Lack,* 487 U.S. 266, 276 (1988), Johnson's notice of appeal is deemed filed when he deposited it with prison officials for mailing. *Id.* at 276. Although Johnson dated his notice of appeal May 24, 2020, the postmark date is May 27, 2020. It is not clear whether Johnson timely deposited it for mailing on or before May 26, 2020, the last day of the excusable neglect period.

2

Because Johnson's notice of appeal offered some excuse for his untimeliness and requested that the district court accept his untimely notice of appeal, we construe it as a request for an extension of time to file an appeal, or in the alternative as a motion to reopen the time to file an appeal. Accordingly, we remand this case to the district court for the limited purpose of determining the proper date when Johnson's notice of appeal was filed, and thereafter, whether Johnson met the requirements of Fed. R. App. P. 4(a)(5)(A) or 4(a)(6), whichever is applicable. The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*