**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-6114**

DEANDRE JAMES,

        Petitioner - Appellant,

    v.

PAUL ADAMS,

        Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:20-cv-00248-JPB)

Submitted:  April 1, 2022                    Decided:  April 18, 2022

Before WYNN and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

DeAndre James, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

DeAndre James seeks to appeal the district court's order dismissing without prejudice his 28 U.S.C. § 2241 petition for lack of jurisdiction.[1]  When the United States or its officer or agency is a party in a civil case, parties are accorded 60 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6).  However, if a party moves for an extension of time to appeal within 30 days after expiration of the original appeal period and demonstrates excusable neglect or good cause, a district court may extend the time to file a notice of appeal.  Fed. R. App. P. 4(a)(5)(A); *Washington v. Bumgarner*, 882 F.2d 899, 900-01 (4th Cir. 1989).

The district court's order was entered on the docket on November 8, 2021.  James filed his notice of appeal on January 24, 2022, after the expiration of the 60-day appeal period but within the 30-day excusable neglect period.[2]  Because James' notice of appeal contained language requesting an extension of time to file his appeal, we construe it as a motion for an extension of time under Fed. R. App. P. 4(a)(5).  Accordingly, we remand

---

[1] Although the district court dismissed the petition without prejudice, the dismissal order is final and appealable because mere amendment cannot cure the deficiencies identified by the district court.  *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 610 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021).

[2] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date James could have delivered the notice to prison officials for mailing to the court.  Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

this case to the district court for the limited purpose of determining whether James demonstrated excusable neglect or good cause warranting an extension of the 60-day appeal period. The record, as supplemented, may then be returned to this court for further consideration.

*REMANDED*