**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-6710

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SCOTT ALEXANDER SMALLWOOD,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah Lynn Boardman, District Judge.  (8:10-cr-00334-DLB-1; 8:19-cv-02103-DLB)

Submitted:  December 15, 2022                     Decided:  December 20, 2022

Before GREGORY, Chief Judge, and WILKINSON and DIAZ, Circuit Judges.

Remanded by unpublished per curiam opinion.

Scott Alexander Smallwood, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott Alexander Smallwood seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255 motion as untimely. When the United States or its officer or agency is a party in a civil case, parties are accorded 60 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). However, if a party moves for an extension of time to appeal within 30 days after expiration of the original appeal period and demonstrates excusable neglect or good cause, a district court may extend the time to file a notice of appeal. Fed. R. App. P. 4(a)(5)(A); *Washington v. Bumgarner*, 882 F.2d 899, 900-01 (4th Cir. 1989).

The district court entered its order on March 11, 2022. Smallwood filed his notice of appeal on May 24, 2022, after the expiration of the 60-day appeal period but within the 30-day excusable neglect period.[*] Because Smallwood's notice of appeal contained language requesting additional time to appeal, we construe it as a request for an extension of time under Fed. R. App. P. 4(a)(5). Accordingly, we remand this case to the district court for the limited purpose of determining whether Smallwood demonstrated good cause or excusable neglect warranting an extension of the 60-day appeal period. The record, as supplemented, will be returned to this court for further consideration.

*REMANDED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Smallwood could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2