**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-7340**

_____

JOHN W. MCKENZIE,

        Petitioner - Appellant,

     v.

R. WOLFE, Warden,

        Respondent - Appellee.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:22-cv-00123-JPB)

_____

Submitted:  August 29, 2023                    Decided:  August 31, 2023

_____

Before KING, AGEE, and BENJAMIN, Circuit Judges.

_____

Remanded by unpublished per curiam opinion.

_____

John W. McKenzie, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John W. McKenzie seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2241 petition.  When the United States or its officer or agency is a party in a civil case, parties are accorded 60 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6).  However, if a party moves for an extension of time to appeal within 30 days after expiration of the original appeal period and demonstrates excusable neglect or good cause, a district court may extend the time to file a notice of appeal.  Fed. R. App. P. 4(a)(5)(A); *Washington v. Bumgarner*, 882 F.2d 899, 900-01 (4th Cir. 1989).  The district court may also reopen the time to file an appeal if the moving party did not receive notice of the entry of the order sought to be appealed within 21 days after entry, the motion is filed within the earlier of either 180 days after the order is entered or 14 days after the moving party receives notice under Fed. R. App. P. 77(d) of the entry, and no party would be prejudiced.  Fed. R. App. P. 4(a)(6).

The district court entered its order on September 1, 2022, and McKenzie did not file his notice of appeal until November 18, 2022.[*]  However, because McKenzie's notice of appeal included a manifest request for additional time to appeal and stated that he did not receive timely notice of the entry of the district court's order, we construe it as a request

---

[*] McKenzie's notice of appeal did not contain any indication of the date it was mailed.  Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

for an extension of time under Fed. R. App. P. 4(a)(5) or for a reopening of the appeal period under Fed. R. App. P. 4(a)(6).

Accordingly, we remand this case to the district court for the limited purpose of determining whether McKenzie is entitled to an extension or a reopening of the appeal period. The record, as supplemented, will be returned to this court for further consideration.

*REMANDED*