**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-6914

CHRISTOPHER HELLER,

Petitioner - Appellant,

v.

WARDEN OF KERSHAW CORRECTIONAL INSTITUTION,

Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg. Joseph Dawson, III, District Judge. (5:23-cv-03456-JD)

Submitted: April 8, 2025                                   Decided: April 23, 2025

Before AGEE, WYNN, and QUATTLEBAUM, Circuit Judges.

Remanded by unpublished per curiam opinion.

Christopher Reginald Geel, GEEL & GENTRY, LLC, Charleston, South Carolina, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Heller seeks to appeal the district court's order adopting the recommendation of the magistrate judge and denying relief on Heller's 28 U.S.C. § 2254 petition.  Parties to a civil action are accorded 30 days after the entry of the district court's final judgment or order to note an appeal.  Fed. R. App. P. 4(a)(1)(A).  However, the district court may extend the time to file a notice of appeal if a party moves for an extension of the appeal period within 30 days after the expiration of the original appeal period and demonstrates excusable neglect or good cause to warrant an extension.  Fed. R. App. P. 4(a)(5); *see Washington v. Bumgarner*, 882 F.2d 899, 900-01 (4th Cir. 1989).  "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's final judgment was entered on August 12, 2024, and the appeal period therefore expired on Wednesday, September 11, 2024.  Heller filed his notice of appeal, at the earliest, on September 12, 2024,* after the expiration of the 30-day appeal period but within the excusable neglect period.  Because Heller included in the envelope containing his notice of appeal a letter expressly requesting that the district court grant him an extension of time to file the notice, we construe the letter as a timely Fed. R. App. P. 4(a)(5) request for an extension of time to file an appeal.  Accordingly, we remand the case for the limited purpose of allowing the district court to determine whether the time for

---

\* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Heller could have delivered the notice to prison officials for mailing to the court.  Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

filing a notice of appeal should be extended under Rule 4(a)(5).  The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*