**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6593**

ERIC D. MARCH,

      Petitioner - Appellant,

   v.

WARDEN STEVENSON,

      Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg. J. Michelle Childs, District Judge. (5:15-cv-04633-JMC)

Submitted: September 28, 2017        Decided: October 2, 2017

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Remanded by unpublished per curiam opinion.

Eric D. March, Appellant Pro Se. Donald John Zelenka, Deputy Attorney General, Caroline M. Scrantom, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric D. March seeks to appeal the district court's order accepting the recommendation of the magistrate judge and dismissing his 28 U.S.C. § 2254 (2012) petition. Parties to a civil action are accorded 30 days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(A). However, the district court may extend the time to file a notice of appeal if a party moves for an extension of the appeal period within 30 days after the expiration of the original appeal period and demonstrates excusable neglect or good cause to warrant an extension. Fed. R. App. P. 4(a)(5); *see Washington v. Bumgarner*, 882 F.2d 899, 900–01 (4th Cir. 1989). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's final judgment was entered on the docket on March 17, 2017. March's notice of appeal was dated April 21, 2017, after expiration of the 30-day appeal period but within the excusable neglect period.[*] Because March's notice of appeal offered some excuse for his untimeliness, we construe it as a request for an extension of time accompanying his notice of appeal. Accordingly, we remand the case for the limited purpose of allowing the district court to determine whether the time for filing a notice of appeal should be extended under Fed. R. App. P. 4(a)(5)(A). The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).