**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6479**

MICHAEL MOMENT,

Plaintiff - Appellant,

v.

DWIGHT DAVE JACKSON,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge.  (8:16-cv-04040-PWG)

Submitted:  February 12, 2018                    Decided:  February 22, 2018

Before DUNCAN, WYNN, and THACKER, Circuit Judges.

Remanded by unpublished per curiam opinion.

John J. Korzen, Vanessa Garrido, Third-Year Law Student, John Allen Riggins, Third-Year Law Student, WAKE FOREST UNIVERSITY SCHOOL OF LAW, Winston-Salem, North Carolina, for Appellant.  Robert A. Scott, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Moment seeks to appeal the district court's order denying relief on his 42 U.S.C. § 1983 (2012) complaint. Appellee, the Honorable Dwight D. Jackson, has moved to dismiss the appeal as untimely filed.

The district court's order was entered on the docket on February 15, 2017. The notice of appeal was filed, at the earliest, on April 3, 2017.[1] Parties are accorded 30 days after the entry of the district court's final judgment to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Moment's notice of appeal was not filed within 30 days after the district court's entry of judgment. However, Moment sent the district court a letter dated March 24, 2017, and entered on the district court's docket on March 30, 2017, inquiring as to the status of his case. We construe this letter as a motion to reopen the appeal period. *See* Fed. R. App. P. 4(a)(6)(A). We remand the case for the limited purpose of allowing the district court to determine when Moment received notice of the district court's entry of its final order and whether he is entitled to a reopening of the appeal period pursuant to Rule

---

[1] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).

4(a)(6).[2]  The record, as supplemented, will then be returned to this court for further proceedings.  We defer action on the motion to dismiss pending the district court's determination as to whether to reopen the appeal period.

*REMANDED*

---

[2] Because Moment did not move for an extension of the appeal period under Fed. R. App. P. 4(a)(5), he is not eligible for an extension for excusable neglect or good cause. *See Washington v. Bumgarner*, 882 F.2d 899, 901 (4th Cir. 1989).