# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 18-7339

MANDREY D. DAVIS,

        Plaintiff - Appellant,

     v.

JIMMY HILBOURN; VICKIE HARDIE; JANE DOE; JOHN DOE; JOHN DOE,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:14-ct-03324-D)

Submitted: February 28, 2019              Decided: March 6, 2019

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Remanded by unpublished per curiam opinion.

Mandrey D. Davis, Appellant Pro Se. Yvonne Bullock Ricci, Assistant Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mandrey D. Davis seeks to appeal the district court's order adopting the magistrate judge's recommendation and denying relief on Davis' 42 U.S.C. § 1983 (2012) complaint. Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(A). The district court may, however, extend the time to file a notice of appeal if a party moves for an extension of the appeal period within 30 days after the expiration of the original appeal period and demonstrates excusable neglect or good cause to warrant an extension. Fed. R. App. P. 4(a)(5); *Washington v. Bumgarner*, 882 F.2d 899, 900-01 (4th Cir. 1989). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on August 28, 2018. The notice of appeal was filed on October 10, 2018, after the expiration of the 30-day appeal period but within the excusable neglect period.[*] Because Davis' notice of appeal offered some excuse for his tardiness and included a request for the court to extend the appeal period, we construe it as a timely request for an extension of time in which to file an appeal. Accordingly, we remand the case for the limited purpose of allowing the district court to determine whether the time for filing a notice of appeal should be extended under

---

[*] For the purpose of this appeal, we assume that the date appearing on the postmark of the envelope containing the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1)(A)(ii); *Houston v. Lack*, 487 U.S. 266 (1988).

2

Fed. R. App. P. 4(a)(5). The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*