**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7275**

ROBERT WOODWARD,

    Plaintiff - Appellant,

  v.

TRANSPORT OFFICER 1; TRANSPORT OFFICER 2; HAROLD CLAYBURN;
MR. SCARBOROUGH,

    Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at
Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:18-ct-03134-BO)

Submitted:  December 22, 2020      Decided:  December 29, 2020

Before NIEMEYER, FLOYD, and RICHARDSON, Circuit Judges.

Remanded by unpublished per curiam opinion.

Robert Woodward, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Eugene Woodward seeks to appeal the district court's order denying relief on his 42 U.S.C. § 1983 action. In civil cases, parties have 30 days after the entry of the district court's final judgment to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The district court's order was entered on June 29, 2020. Woodward filed his notice of appeal, at the earliest, on August 21, 2020.[1] Therefore, Woodward's notice of appeal is untimely.

However, under Fed. R. App. P. 4(a)(6), the district court may reopen the time to file an appeal on a party's motion if: (1) the moving party did not receive notice of entry of judgment within 21 days after entry; (2) the motion is filed within 180 days of entry of judgment or within 14 days after the moving party receives notice from the court, whichever is earlier; and (3) no party would be prejudiced. By letter filed on August 13, 2020, Woodward inquired about the status of his case. He subsequently filed another letter on August 21, 2020, indicating his desire to appeal and stating that he had not received the court's final order until the court, in response to his first letter, sent him the docket sheet and order. We construe the August 21 letter as a motion to reopen the appeal period under

---

[1] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

Fed. R. App. P. 4(a)(6).  Accordingly, we remand this case to the district court for the limited purpose of determining whether Woodward is entitled to reopening of the appeal period.[2]  The record, as supplemented, will then be returned to this court for further proceedings.

*REMANDED*

---

[2] Because Woodward did not move for an extension of the appeal period under Fed. R. App. P. 4(a)(5), he is not eligible for an extension for excusable neglect or good cause. *See Washington v. Bumgarner*, 882 F.2d 899, 901 (4th Cir. 1989).