**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-7183**

_____

DEREK ANTOINE SMITH,

              Petitioner - Appellant,

        v.

ERIK A. HOOKS,

              Respondent - Appellee.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Martin K. Reidinger, Chief District Judge.  (3:19-cv-00291-MR)

_____

Submitted:  February 25, 2021                    Decided:  March 9, 2021

_____

Before WILKINSON, HARRIS, and RUSHING, Circuit Judges.

_____

Remanded by unpublished per curiam opinion.

_____

Derek Antoine Smith, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derek Antoine Smith seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 petition. In a civil case, the notice of appeal must be filed no more than 30 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(A). The district court may, however, extend the time to file a notice of appeal if a party moves for an extension of the appeal period within 30 days after the expiration of the original appeal period and demonstrates excusable neglect or good cause to warrant an extension. Fed. R. App. P. 4(a)(5); *Washington v. Bumgarner*, 882 F.2d 899, 900-01 (4th Cir. 1989). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order denying Smith's § 2254 petition on June 30, 2020. It was therefore incumbent upon Smith to file his notice of appeal on or before July 30, 2020. Although the record does not reveal when Smith gave the notice of appeal to prison officials for mailing, the earliest Smith could have filed his notice of appeal was July 31, 2020—a day late. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing prison mailbox rule). Because Smith's notice of appeal offered some excuse for his tardiness and he filed within the excusable neglect period, we construe the notice of appeal as a timely request for an extension of time in which to file an appeal.

Accordingly, we remand this case for the limited purpose of allowing the district court to determine whether Smith has demonstrated excusable neglect or good cause under Rule 4(a)(5). The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*